# OFFICIAL SYLLABI
## Ohio Appeals

---

### ROGERS v. GARFORD.

Ohio Appeals, 8th Dist., Cuyahoga Co.

H. A. Williams, and D. B. Ulrey, Columbus, for Rogers.

Walter D. Meals, Cleveland, for Garford.

**1265. WEIGHT OF EVIDENCE.**

Mere conflict in testimony not sufficient grounds for reversal.

**480. EVIDENCE.**

1. Letters excluded from evidence, where not connected by facts or circumstances to matters in record, must stand or fall on their own weight.

2. Letters offered to show that defendant was party to contract, held properly excluded.

**225. CHARGE OF COURT.**

1. Refusal of instruction held not erroneous in view of similar instruction given.

2. Not error for court to refuse to give repetition of same proposition of law to jury.

3. Statutes require requests for written instruction before argument, to be presented by party to suit on matters of law, and must be specifically followed.

4. Failure to state when instructions were to be given, held not prejudicial error.

5. Withdrawal of charge held not prejudicial error where instruction was, as matter of law, unwarranted.

6. Court has power to correct error by withdrawing erroneous charge.

#### SULLIVAN, PJ.

1. In order to reverse judgment as being against weight of evidence, there must be something more than mere conflict in testimony, since verdict and judgment must stand, if supported by any credible testimony, so that reviewing courts should not reverse except on matter of law.

2. Where there is no fact or circumstances in record that connects itself with contents of letters excluded from evidence, such letters must stand or fall of their own weight, when their admissibility is determined.

3. In action by owner of patent for breach of contract under which defendant bought all her rights and agreed to organize corporation, letters offered to show that defendant was party to contract held properly excluded, where they were of general nature, with no specific reference to question whether author was acting for defendant or whether defendant had knowledge of correspondence.

4. In action for a breach of contract to purchase rights of owner of patent and organize corporation, refusal of instruction as to whether defendant's son-in-law signed contract for him held not error, in view of similar instruction given.

5. Error does not lie, where court refuses to give repetition of same proposition of law to jury, even though it is on written request that instructions be given in writing before argument.

6. Section 11447 GC., relative to requests for written instructions to be given before argument, requires instructions to be presented by party to suit on matters of law with request that they be given to jury before argument, and must be specifically followed.

7. In making request for written instructions to be given before argument under Section 11447 GC., failure to state when instructions were to be given held not prejudicial error, where trial proceeded on theory that requests were that they be given before argument.

8. In action for breach of contract to buy rights of owner of patent and organize corporation, withdrawal of charge that there was no proof that plaintiff failed to perform contract held not prejudicial error, where instruction was, as matter of law, unwarranted, and issue in case in final analysis was reduced to proposition of whether defendant was party to contract.

9. Where court committed error in written instruction given before argument, and discovered mistake before charge to jury, it had power to correct such error by withdrawing erroneous charge.

(Vickery and Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### BRITISH-AMERICAN ASSURANCE CO. et. v. JAYMES.

Ohio Appeals, 2nd Dist., Clark Co.

**647. INSURANCE—118. Automobiles.**

Owner of automobile, who has not yet filed bill of sale, held entitled to recover upon policy of theft insurance.

Geiger & Holloran, Springfield, for Assurance Co.

Zimmerman, Zimmerman & Zimmerman and Sully Jaymes, Springfield, for Jaymes.

#### KUNKLE, J.

When the owner of an automobile obtains insurance thereon, and withholds the filing of his bill of sale, as authorized by law, the duly authorized agent of the insurance company having due notice thereof and of the reasons for not filing said bill of sale, such owner is entitled to recover upon such insurance for theft of the automobile.

(Allread and Ferneding, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.